RICHARD C. JOHNSON (SBN: 40881)
MICHELE R. STAFFORD (SBN: 172509)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA  94105
Telephone:     (415) 882-7900
Facsimile:     (415) 882-7900
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOP IRONWORKERS LOCAL 790 PENSION TRUST; JOINT BOARD OF TRUSTEES of the SHOP IRONWORKERS LOCAL 790 PENSION TRUST; and MICHAEL NEWINGTON as Trustee,<br><br>Plaintiffs,<br><br>vs.<br><br>COFAB STEEL CORPORATION; ARCMATIC INTEGRATED SYSTEMS, INC.; CHARLES A. BOCK; IRMA BOCK<br><br>Defendants. | CASE NO.: C07-2500<br><br>**COMPLAINT** |

# **PARTIES**

1.    The SHOP IRONWORKERS LOCAL 790 PENSION TRUST ("Pension Trust") is (a) an employee benefit plan as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") §3(3), 29 U.S.C. §1002(3), (b) an employee pension benefit plan a defined in ERISA §3(2), 29 U.S.C. §1002(2), and ( C) a multiemployer plan as defined in ERISA §4001(a)(3), 29 U.S.C. §1301(a)(3).  The Joint Board of Trustees of the Pension Trust is that plan's named fiduciary under ERISA §402(a), 29 U.S.C. §1002(a).  Michael Newington is the chairman of the Joint Board of Trustees of the Pension Trust and a fiduciary of the Pension Trust.

**COMPLAINT**
**CASE NO.: C07-2500 JL**

- 1 -

2. Defendant, COFAB STEEL CORPORATION, is a corporation and an employer by virtue of ERISA §3(5), 29 U.S.C. §1002(5), and is signatory, and therefore bound, to the settlement agreement at issue in this matter.

3. Defendant, ARCMATIC INTEGRATED SYSTEMS, INC., is a corporation, and a trade or business under common control with COFAB STEEL CORPORATION as defined in ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1), and is signatory and therefore bound, to the settlement agreement at issue in this matter.

4. DEFENDANT CHARLES A. BOCK and IRMA BOCK are individuals, who were operating a trade or business under common control with COFAB STEEL CORPORATION, also as defined in ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1), and both are signatory and therefore bound, to the settlement agreement at issue in this matter. .

5. The Pension Trust and its fiduciaries are herein referred to as "Plaintiffs."

## JURISDICTION

6. Jurisdiction exists in that the parties consented in a settlement agreement discussed below (and attached hereto as Exhibit A and incorporated herein by this reference), that any action to enforce the terms of the Settlement Agreement would be filed in the United States District Court, Northern District. Jurisdiction also exists in this Court over the claims asserted by the Plaintiffs by virtue of ERISA §502, 29 U.S.C. §1132; ERISA §4301(a), 29 U.S.C. §1451(a);and ERISA §4301(b), 29 U.S.C. §1451(b) in that the Plaintiffs seek to enforce the provisions of a settlement agreement made relative to withdrawal liability under ERISA and the terms of the pension plan, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate legal or equitable relief under ERISA. The settlement agreement specifically states that it is being made, and shall be enforced, under the mandates of ERISA.

//

//

//

**COMPLAINT**
**CASE NO.: C07-2500 JL**

**VENUE**

7. Venue exists in this Court with respect to the claims under ERISA §502 and 4301(d)(2) because one of the defendant corporations resides or does business in and is subject to personal jurisdiction within this district. 29 U.S.C. §4301(d), 29 U.S.C. §1451(d). Additionally, the parties agreed, under the terms of the settlement, that this action shall be filed in the United States District Court, Northern District.

**FIRST CAUSE OF ACTION**

8. Plaintiffs re-allege and incorporate by reference paragraphs 1 - 7 above as though they were fully set forth herein.

9. Defendant made a "complete withdrawal" from the Pension Trust as that term is defined in ERISA §4203(a), 29 U.S.C. §1383(a).

10. Plaintiffs' assessed withdrawal liability pursuant to ERISA Section 4201 and ERISA Section 4202 (29 U.S.C. §1381 et seq.) in the total amount of $862,682.00 against defendants requiring installment payments of withdrawal liability as follows:

| | |
|---|---|
| January 1, 2006 | $10,698.00 |
| April 1, 2006 | $10,698.00 |
| July 1, 2006 | $10,698.00 |
| October 1, 2006 | $10,698.00 |

And continuing for every quarter as listed above through October 1, 2026.

The amounts were calculated in accordance with ERISA §4211; 29 U.S.C. §1391.

None of these payments were made.

11. ERISA §4221(d), 29 U.S.C. §1401(d) requires that defendant make withdrawal liability assessments when due. As stated above, defendants failed to make any payments as required.

12. Plaintiffs filed a Complaint, Northern District of California Case Number C 06-4067 MMC against Defendants, to enforce the withdrawal liability payment schedule.

**COMPLAINT**
**CASE NO.: C07-2500 JL**

- **3** -

1    13.    Case Number C 06-4067 was resolved by Settlement Agreement. The Settlement Agreement is attached hereto as Exhibit A and incorporated herein by this reference. Pursuant to the terms of the Settlement Agreement, the parties agreed that the first payment of $20,000 would be made on or before January 2, 2007, with additional installment payments to be made on or before February 1, 200 (also $20,000), and April 1, 2007 ($15,500), and thereafter for the next 8 calendar quarters. Thereafter, the payment amount would reduce to $11,000 for the remaining 48 quarters, payable on January 1, April 1, July 1 and October 1 of each year.

14.    The parties further agreed that the provisions of ERISA, specifically ERISA § 4219 with respect to withdrawal liability, would apply relative to the payments to be made.

15.    Defendants failed to make any of the required payments in this matter.

16.    Section II of the Settlement Agreement, subsection (b)(3) states that Pursuant to Section 4219, subsection (c)(5) of ERISA, in the event of a default, plaintiffs may require immediate payment of the outstanding amount of the withdrawal liability, plus accrued interest at the rate of 10% per annum. The amount that was to be due, and is now due, is the original assessed amount (not the compromised amount), plus liquidated damages, interest, attorneys fees and costs.

17.    Plaintiffs have fully complied with the terms of the settlement agreement, and the provisions of ERISA, with respect to defendants' default.

**PRAYER**

WHEREFORE, Plaintiffs pray as follows:

A.    For a judgment against defendants jointly and severally in the amount originally assessed as withdrawal liability as set forth in the terms of the Settlement Agreement;

B.    For liquidated damages and Interest on unpaid withdrawal liability payments at the rate of 10% per annum as set forth in the Settlement Agreement;

C.    For Liquidated damages of 20% of the delinquent amount;

**COMPLAINT**
**CASE NO.: C07-2500 JL**

- 4 -

D. For plaintiffs' reasonable attorneys fees and costs of this action in accordance with the terms of the Settlement Agreement and ERISA §502(g)(2)(D), 29 U.S.C. §1132(g)(2)(D).

E. For an order enjoining defendant from violating the terms of the Settlement Agreement and from disposing of any assets until said terms have been complied with.

F. That the Court retain jurisdiction of this case pending compliance with its orders.

G. For such further legal or equitable relief as the Court may deem just and proper.

Dated: May 9, 2007                              SALTZMAN & JOHNSON LAW CORPORATION

By: _____/s/_____
Michele R. Stafford
Attorneys for Plaintiffs

**COMPLAINT**
**CASE NO.: C07-2500 JL**

- 5 -