RICHARD C. JOHNSON (SBN: 40881)
ISAIAH B. ROTER (SBN: 82743)
MICHELE R. STAFFORD (SBN: 172509)
KRISTEN McCULLOCH (SBN: 177558)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA 94105
(415) 882-7900
(415) 882-9287 - Facsimile
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOP IRONWORKERS LOCAL 790 PENSION TRUST; JOINT BOARD OF TRUSTEES of the SHOP IRONWORKERS LOCAL 790 PENSION TRUST; and MICHAEL NEWINGTON as Trustee,<br><br>Plaintiffs,<br><br>vs.<br><br>COFAB STEEL CORPORATION, ARCMATIC INTEGRATED SYSTEMS, INC.; CHARLES A. BOCK AND IRMA BOCK<br><br>Defendants. | CASE NO.: CV 07-02500 JL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT TO ENFORCE SETTLEMENT AGREEMENT**<br><br>DATE: June 27, 2007 (Wed.)<br><br>TIME: 9:30 a.m.<br><br>PLACE: Courtroom F<br><br>JUDGE: Chief Magistrate Judge James Larson |

TO: COFAB STEEL CORPORATION, ARCMATIC INTEGRATED SYSTEMS, INC., CHARLES A. BOCK AND IRMA BOCK:

PLEASE TAKE NOTICE that on **June 27, 2007**, at **9:30 a.m**. in Courtroom F of the above captioned Court, located at 450 Golden Gate Ave., San Francisco, California, plaintiffs will, and hereby do, move the Court for an order to enforce the Settlement Agreement entered into in this action on December 19, 2006.

Plaintiffs, Shop Ironworkers Local 790 Pension Trust, Joint Board of Trustees of The Shop Ironworkers Local 790 Pension Trust, and Michael Newington as Trustee, seek an order enforceable

P:\CLIENTS\SHOPW\COFAB\Pleadings\2007\Complaint re Settlement Agreement\C07-2500 JL - Motion for Default Judgment 053107.doc

- 1 -

MPA IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT
JUDGMENT TO ENFORCE SETTLEMENT AGREEMENT
CV 07-02500 JL

against each and every Defendant for payment of the full assessed amount of $862,682.00, plus liquidated damages, interest and attorneys fees and costs as set forth in the settlement agreement. This motion is based on this notice of motion and motion, memorandum of points and authorities, the declarations, exhibits, evidence filed in support thereof, the pleadings and papers on file in this action.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    FACTUAL BACKGROUND**

Cofab Steel Corporation ("Cofab") was a contributing employer in the Shop Ironworkers Local 790 Pension Plan, until approximately September 30, 2004, when Cofab made a "complete withdrawal" from the Shop Ironworkers Local 790 Trust Fund. Plaintiffs' assessed withdrawal liability pursuant to ERISA §§4201 and 4202 [29 U.S.C. §1381 et seq.] in the total amount of $862,682.00, payable by quarterly installment payments of $10,698.00. The first payment, which was due on or before January 1, 2006, was not made. Cofab did not initiate arbitration in a timely manner and, therefore, could not contest the amount or the fact of its withdrawal liability. ERISA §4221(b)(1) [29 U.S.C. §1401(b)(1)].

Accordingly, on June 29, 2006, Plaintiffs, Shop Ironworkers Local 790 Pension Trust, Joint Board of Trustees of The Shop Ironworkers Local 790 Pension Trust, and Michael Newington as Trustee, brought an action against Cofab Steel Corporation and Arcmatic Integrated Systems, Inc. to recover withdrawal liability assessed under the Employee Retirement Income Security Act of 1974 ("ERISA"). Plaintiffs alleged that Arcmatic Integrated Systems, Inc. ("Arcmatic") was a member of the control group jointly and severally liable for the withdrawal liability assessed against Cofab. Under ERISA §4001(b)(1) [29 U.S.C. §1301(b)(1)], all trades or businesses under common control are treated as a single employer.[1] Pursuant to a joint stipulation and order of the court, Plaintiffs filed

---

[1] The sponsor, and each member of its controlled group are jointly and severally liable for withdrawal liability. Teamsters Joint Council No. 83 v. Centra, Inc., 947 F.2d 115, 121-22, 14 EBC 1776 (4th Cir. 1991) (holding that solvent members of a controlled group must bear the responsibility for a bankrupt employer's pension plan liability). To establish a "single employer" for purposes of determining withdrawal liability, the entities involved must be under common control. ERISA defines "controlled group" to include any group consisting of a "person" and all other persons under common control with such person within the meaning of Section 414 of the Internal Revenue Code of 1986 ("IRC"). See ERISA § 4001(a)(14), 29 USC § 1301(a)(14). The term "person" is defined by ERISA to include,

P:\CLIENTS\SHOPW\COFAB\Pleadings\2007\Complaint re Settlement Agreement\C07-2500 JL - Motion for Default Judgment 053107.doc

- 2 -

MPA IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT
JUDGMENT TO ENFORCE SETTLEMENT AGREEMENT
CV 07-02500 JL

an Amended Complaint on or about October 16, 2006 to add Charles A. Bock and Irma Bock as a member of the control group jointly and severally liable for the withdrawal liability assessed against Cofab.

On or about October 6, 2006, the case was ordered to mediation. Mediation was scheduled for December 20, 2006. However, just one day before the scheduled mediation session, all parties named in the Amended Complaint plus William Bong, as a principal of Arcmatic, entered into a Settlement Agreement. Pursuant to the Settlement and General Release Agreement ("Settlement Agreement" attached as Exhibit ["Ex."] A to the Declaration of Kristen McCulloch in Support of Plaintiffs' Motion for Default Judgment to Enforce Settlement Agreement ["McCulloch Decl."]), Defendants, Cofab Steel Corporation, Arcmatic Integrated Systems, Inc., Charles A. Bock and Irma Bock (therein collectively referred to as the "Arcmatic Parties")[2] agreed that they "shall jointly and severally be obligated to pay the following to TRUST FUND: The total sum of $696,800, payable as follows: $20,000 on or before January 2, 2007; $20,000 on or before February 1, 2007; thereafter payments of $15,500 beginning on April 1, 2007 for the next 8 calendar quarters (2 years); and $11,100 for the remaining 48 quarters (12 years). McCulloch Decl., paragraph ("¶") 1 and Ex. A, subsection 2.1(a). The Settlement Agreement further stated that "[t]he quarterly payments shall be payable on or before January 1, April 1, July 1 and October 1 of each year." *See also* McCulloch Decl., ¶ 1 and Ex. A, subsection 2.1(a). The Settlement Agreement provides that if Defendants defaults on the installment payments and fails to cure such breach within 60 days of notice, Plaintiffs are entitled to acceleration of the full assessed amount of the withdrawal liability in the amount of $862,682.00, plus liquidated damages, interest and attorneys fees and costs as set forth in the Settlement Agreement. *See* McCulloch Decl. ¶ 1 and Ex. A at 2.1(b)(3) and (c).

Neither the first installment, which was due on or before January 2, 2007, or the second installment, which was due on or before February 1, 2007, were made by Defendants. In an exchange

---

among other entities, an individual, a partnership, a joint venture or a corporation. Section 3(9) of ERISA. 29 U.S.C. § 1002(9).

P:\CLIENTS\SHOPW\COFAB\Pleadings\2007\Complaint re Settlement Agreement\C07-2500 JL - Motion for Default Judgment 053107.doc

- 3 -

MPA IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT
JUDGMENT TO ENFORCE SETTLEMENT AGREEMENT
CV 07-02500 JL

of emails and telephone calls during the period of January 3 and January 5, 2007 between Plaintiffs' counsel Defendants' counsel, Plaintiffs notified Defendants (i.e., the Arcmatic parties) that the first installment was delinquent and requested payment. *See* McCulloch Decl. ¶¶ 3 – 7 and Exs. B - D. On January 5, 2007, Plaintiffs were assured that the first settlement installment would be sent that day and would arrive on or before January 10, 2007. *See* McCulloch Decl. ¶ 8 and Ex. E. On January 5, 2007, Plaintiffs informed Defendants that late payment of the installments set forth in the Settlement Agreement is not acceptable and reminded them that the second payment would be due on or before the next scheduled payment date of February 1, 2007, and not a week later. *See* McCulloch Decl. ¶ 9 and Ex. F. On January 10, 2007, Plaintiffs notified Defendants that they had still not received the first installment payment. *See* McCulloch Decl. ¶ 10 and Ex. G. On January 12, 2007, Plaintiffs were notified that the first installment check was in the mail. *See* McCulloch Decl. ¶ 12 and Ex. H. Plaintiffs' counsel immediately responded by requesting to be informed of when the check was sent in the mail. *See* McCulloch Decl. ¶¶ 13 – 14 and Exs. I – J. No reply was ever received. *See* McCulloch Decl. ¶ 15. But most importantly, to date Plaintiffs have not yet received a single installment payment. *See* McCulloch Decl. ¶ 18.

On January 17, 2007, Plaintiffs sent a letter to Defendants' counsel to formally notify Defendants that they were in default of the payments under the terms of the Settlement Agreement. *See* McCulloch Decl. ¶ 16 and Ex. K. Then on January 18, 2007, as required by the terms of the Settlement Agreement a second letter was sent directly to Charles Bock, c/o Arcmatic Integrated Systems, 1667 Marine World Parkway, Vallejo, CA 94589, also to notify Defendants (i.e., the Arcmatic Parties) that they were in default of the Settlement Agreement and that Plaintiffs "intend to file for acceleration of the full amount set forth in the Settlement Agreement if the default is not cured within 60 days" (i.e., by March 19, 2007). *See* McCulloch Decl. ¶ 17 and Ex. L. No curing installment payment was made – as stated above, Plaintiffs have not yet received a single installment payment. *See* McCulloch Decl. ¶ 18.

---

[2] The Arcmatic Parties are identical to the Defendants in this case.

P:\CLIENTS\SHOPW\COFAB\Pleadings\2007\Complaint re Settlement Agreement\C07-2500 JL - Motion for Default Judgment 053107.doc

- 4 -

MPA IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT
JUDGMENT TO ENFORCE SETTLEMENT AGREEMENT
CV 07-02500 JL

The terms of the Settlement Agreement, Section 2.1, subsection (c) specifically provides that in the event a default under the Agreement occurs, and is not cured, the Trust Funds are permitted to file a Complaint in the Northern District for purposes of having judgment entered for the full assessed amount, plus liquidated damages, interest and attorneys fees and costs. The Arcmatic Parties specifically waived any defense which may apply to the filing of the action, and waived service of the Summons and Complaint. This section also provides that a Writ of Execution may be obtained without further legal action upon declaration, that the Arcmatic Parties waive notice of entry of judgment and finally that judgment may be entered by a magistrate or a judge without the necessity of a noticed motion. (See McCulloch Declaration, Exhibit A)

Plaintiffs filed this action (and served it on defendants, though not required) to enforce the terms of the settlement. Defendants failed to file an answer, and default was entered as to all defendants on May 25, 2007. Plaintiffs hereby request that the Court enter Judgment in the full assessed amount, liquidated damages, interest, attorneys fees and costs, pursuant to the terms of the Settlement Agreement.

## II.     ARGUMENT

### A.     PLAINTIFFS ARE ENTITLED TO A DEFAULT JUDGMENT AGAINST ALL DEFENDANTS

As the Court's file will reflect, plaintiffs filed this action on May 9, 2007. Service on the defendants was completed on May 11, 2007, with the Proof of Service filed with the Court. Defendant has failed to plead or otherwise defend or appear, and pursuant to plaintiffs' request, the Clerk entered the defendants' default on May 25, 2007.

Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of judgment by default. Defendant's default has been entered. Plaintiffs are therefore entitled to a default judgment in their favor and request that the Court now enter default judgment against the defendant.

Defendant was properly served with plaintiffs' Request to Enter Default and Notice of Request for Default Judgment, and has made no appearance in this matter. The defendants are not infant nor

P:\CLIENTS\SHOPW\COFAB\Pleadings\2007\Complaint re Settlement Agreement\C07-2500 JL - Motion for Default Judgment 053107.doc

- 5 -

MPA IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT TO ENFORCE SETTLEMENT AGREEMENT
CV 07-02500 JL

an incompetent person/people  Accordingly, there exists no obstacle to the granting of plaintiffs' motion.

### B. AN ORDER SHOULD BE ENTERED FOR THE FULL ASSESSED AMOUNT OF WITHDRAWAL LIABILITY, PLUS LIQUIDATED DAMAGES, INTEREST AND ATTORNEYS FEES AND COSTS

The terms of the Settlement Agreement provide that where, as here, Defendants are in default of the Settlement Agreement, Plaintiffs are entitled to the full assessed withdrawal liability of $862,682.00, plus liquidated damages, interest and attorneys fees and costs as set forth in the Settlement Agreement. *See* McCulloch Decl., respectively, ¶18 and ¶ 1 and Ex. A at 2.1(b)(3) and (c). Also, where, as here, the Court maintains jurisdiction over the case, the Court has the inherent authority to enforce any Settlement Agreement between the parties in pending cases. Metronet Services Corp. v. U.S. West Communications, 329 F.3d 986, 1013-1014 (9th Cir. 2003). Accordingly, Plaintiffs bring this motion to enforce the Settlement Agreement and request that the Court issue an Order ordering Defendants for payment of the full assessed withdrawal liability of $862,682.00, plus liquidated damages, interest and attorneys fees and costs as set forth in the Settlement Agreement.

#### i. Defendants are in Default of the Settlement Agreement Entitling Plaintiffs to the Full Assessed Withdrawal Liability

The explicit terms of the Settlement Agreement state:

> In the event that a default occurs, and is not cured within the 60 day period permitted by ERISA Section 4219, the Parties agree that TRUST FUND shall be permitted to file a Complaint in the United States District Court, Northern District for the purpose of having Judgment entered for the full assessed amount, plus liquidated damages, interest and attorneys fees and costs, less any payments made by the ARCMATIC PARTIES.

The Settlement Agreement required Defendants (i.e., the Arcmatic Parties) to make the first installment payment under the Settlement Agreement on January 2, 2007 and the second payment by February 1, 2007. McCulloch Decl., ¶ 1 and Ex. A, subsection 2.1(a). Defendants failed to make either such installment payments, in spite of repeated promises that the check was being mailed or was in the mail. McCulloch Decl. ¶¶ 3 – 14 and Exs. B – J. The Settlement Agreement further provides

P:\CLIENTS\SHOPW\COFAB\Pleadings\2007\Complaint re Settlement Agreement\C07-2500 JL - Motion for Default Judgment 053107.doc

- 6 -

MPA IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT TO ENFORCE SETTLEMENT AGREEMENT
CV 07-02500 JL

that, "[p]ursuant to [ERISA] Section 4219, subsection (c) (5) (A), a default shall be deemed to have occurred if the ARCMATIC PARTIES fail to make any payment when due, and the failure is not cured within 60 days after the ARCMATIC PARTIES receive written notification from the TRUST FUND of such failure; and/or, pursuant to [ERISA] Section 4219, subsection (c) (5) (B) any other event that indicates a substantial likelihood that the ARCMATIC PARTIES will be unable to pay its withdrawal liability. Written notification will be deemed to be effective when made by Certified Mail, return receipt requested and regular United States Mail addressed to Charles A. Bock in care of Arcmatic Integrated Systems, 1667 Marine World Parkway, Vallejo, California." *See* McCulloch Decl. ¶ 1 and Ex. A at 2.1(b)(2). On January 18, 2007, Plaintiffs sent notice to Defendants (i.e., the Arcmatic Parties) as required by the Settlement Agreement. *See* McCulloch Decl. ¶ 17 and Ex. L. And Defendants failed to cure their non-payment within 60 days, i.e., March 19, 2007. *See* McCulloch Decl. ¶ 18. Accordingly, as of March 19, 2007 (i.e. 60 days after January 18, 2007) Defendants (i.e., the Arcmatic Parties) are in default of the Settlement Agreement, thereby entitling Plaintiffs to acceleration of the full assessed amount of the withdrawal liability in the amount of $862,682.00, plus liquidated damages, interest and attorneys fees and costs as set forth in the Settlement Agreement.

### ii. The Court has Jurisdiction of the Case and Inherent Authority to Enforce the Settlement Agreement

This Court has inherent authority to enforce settlements between parties in pending cases. Metronet, 329 F.3d at 1013-1014; TNT Marketing Inc. v. Agresti, 796 F.2d 276, 278 (9th Cir. 1986) (finding that the Court has authority to issue an order to enforce a settlement agreement). Pursuant to the Settlement Agreement, only after the Arcmatic Parties made the first two Settlement Agreement installment payments were Plaintiffs required to dismiss the complaint. *See* McCulloch Decl., Ex. A, 2.2(a). Defendants failed to make either the first or second Settlement Agreement installment payments.

***Defendants have expressly consented to the jurisdiction of this Court by the terms of the Settlement Agreement***.

The facts to be determined to enforce a Settlement Agreement are separate from those facts

P:\CLIENTS\SHOPW\COFAB\Pleadings\2007\Complaint re Settlement Agreement\C07-2500 JL - Motion for Default Judgment 053107.doc

- 7 -

MPA IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT
JUDGMENT TO ENFORCE SETTLEMENT AGREEMENT
CV 07-02500 JL

1. that would be determined in the underlying principal case. <u>Kokkonen v. Guardian Life Incs. Co. of America</u>, 511 U.S. 375, 381, 114 S.Ct. 1673, 1677 (1994). The facts establishing Defendants' default of the Settlement Agreement are simple: (1) pursuant to the Settlement Agreement, the Arcmatic Parties agreed that they are each "jointly and severally [] obligated to pay" $696,800, $20,000 payable on or before January 2, 2007, $20,000 on or before February 1, 2007, thereafter payments of $15,500 beginning on April 1, 2007 for the next 8 calendar quarters (2 years) and $11,100 for the remaining 48 quarters (12 years) payable on or before January 1, April 1, July 1 and October 1 of each year" (*see* McCulloch Decl. ¶ 1 and Ex. A, Settlement Agreement, 2.1(a)); (2) the Arcmatic Parties have not made a single payment to the Trust Fund (McCulloch Decl. ¶ 18); (3) proper notice of default was provided to the Arcmatic Parties on January 18. 2007 (*see* McCulloch Decl., respectivley ¶ 1 and Ex. A, Settlement Agreement, 2.1(b)(2) and ¶ 17 and Ex. L); (4) the 60 day period to cure the default expired March 19, 2007 (i.e., 60 days from January 18, 2007); and (5) the Arcmatic Parties are, therefore, default and liable the full assessed amount of $862,682.00, plus liquidated damages, interest and attorneys fees and costs as set forth in the Settlement Agreement (*see* McCulloch Decl. ¶ and Ex. A, Settlement Agreement, 2.1(b)(2) and (3)). The Court, therefore, has authority to, and should, issue an Order to enforce the terms of the Settlement Agreement.

The attorney's fees and costs incurred by plaintiffs herein are specifically itemized in the Declaration of Michele R. Stafford filed herewith.

///
///
///
///
///
///
///
///
///

P:\CLIENTS\SHOPW\COFAB\Pleadings\2007\Complaint re Settlement Agreement\C07-2500 JL - Motion for Default Judgment 053107.doc

- 8 -

MPA IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT TO ENFORCE SETTLEMENT AGREEMENT
CV 07-02500 JL

**B.    CONCLUSION**

Plaintiffs respectfully request that this Court find that Defendants (i.e., the Arcmatic Parties) are in default of the Settlement Agreement and, accordingly, issue an Order ordering Defendants to pay the full assessed withdrawal liability in the amount of $862,682.00, plus liquidated damages, interest and attorneys' fees and costs.

Dated: May 31, 2007

Respectfully submitted,

SALTZMAN & JOHNSON
LAW CORPORATION


By: _____/S/_____
     Michele R. Stafford
     Attorney for Plaintiffs

**PROOF OF SERVICE**

I, the undersigned, declare:

I am employed in the County of San Francisco, State of California. I am over the age of eighteen and not a party to this action. My business address is 120 Howard Street, Suite 520, San Francisco, California 94105.

On June 1, 2007, I served the foregoing document on the parties to this action, addressed as follows, in the manner described below:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MORION FOR DEFAULT JUDGMENT TO ENFORCE SETTLEMENT AGREEMENT**

by mail, being familiar with the practice of this office for the collection and the processing of correspondence for mailing with the United States Postal Service, and deposited in the United States Mail copies of the same to the business addresses set forth below, in a sealed envelope fully prepared, addressed to:

| | |
|---|---|
| Cofab Steel Corporation<br>1971 Broadway Street<br>Vallejo, CA 94589 | Charles Bock<br>1971 Broadway Street<br>Vallejo, CA 94589 |
| Arcmatic Integrated Systems, Inc.<br>1971 Broadway Street<br>Vallejo, CA 94589 | Irma Bock<br>100 Tartan Way<br>Fairfield, CA 94534 |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on this 1st day of June 2007.

_____/S/_____
Vanessa de Fábrega

P:\CLIENTS\SHOPW\COFAB\Pleadings\2007\Complaint re Settlement Agreement\C07-2500 JL - Motion for Default Judgment 053107.doc

- 10 -

MPA IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT TO ENFORCE SETTLEMENT AGREEMENT
CV 07-02500 JL