RICHARD C. JOHNSON (SBN: 40881)
ISAIAH B. ROTER (SBN: 82743)
MICHELE R. STAFFORD (SBN: 172509)
KRISTEN McCULLOCH (SBN: 177558)
SALTZMAN & JOHNSON LAW CORPORATION
120 Howard Street, Suite 520
San Francisco, CA  94105
(415) 882-7900
(415) 882-9287 - Facsimile
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOP IRONWORKERS LOCAL 790 PENSION TRUST; JOINT BOARD OF TRUSTEES of the SHOP IRONWORKERS LOCAL 790 PENSION TRUST; and MICHAEL NEWINGTON as Trustee,<br><br>Plaintiffs,<br><br>vs.<br><br>COFAB STEEL CORPORATION, ARCMATIC INTEGRATED SYSTEMS, INC.; CHARLES A. BOCK AND IRMA BOCK<br><br>Defendants. | CASE NO.: C07-2500 JSW (BZ)<br><br>*SUPPLEMENTAL* DECLARATION OF MICHELE R. STAFFORD IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT TO ENFORCE SETTLEMENT AGREEMENT<br><br>DATE:  August 15, 2007 (Wed.)<br><br>TIME:   10:00 a.m.<br><br>JUDGE:  Magistrate Judge Zimmerman |

I, Michele R. Stafford, declare:

1. I am an attorney for Plaintiffs Shop Ironworkers Local 790 Pension Trust, its Joint Board of Trustees and Michael Newington as Trustee in this action.

2. This Declaration is being submitted pursuant to the Court's Order Scheduling Hearing.

3. On June 26, 2007, Charles Bock, one of the defendants in this action, contacted me by telephone. He advised that he was still working for Arcmatic Integrated Systems, Inc., and that Arcmatic's business appeared to be "picking up."  He therefore was interested in trying to resolve this matter.  I explained to Mr. Bock that I would prefer to resolve this matter, but was a bit hesitant as we had already entered into a Settlement Agreement, which he failed to comply with, and which therefore

1
**SUPPLEMENTAL DECLARATION OF MICHELE R. STAFFORD**
**CASE NO.: C07-2500 JSW (BZ)**

caused not only the filing of this action, but the Motion for Default Judgment. He advised that he could overnight a small payment to me, to be received the next day, as a show of his good faith. As Mr. Bock had advised my office on many occasions that the check was in the mail (and it was not), I told him that once I received the check, I would contact him by telephone to discuss options to resolve this matter without resorting to the instant Motion.

No check has been received from Mr. Bock. However, based on my telephone conversation with him, he is not an infant or incompetent person. I did not speak to Irma Bock. However during the settlement negotiations that occurred in this matter, I discussed her with Marie Martin-Kerr, counsel for defendants at that time. Based on my conversations with Ms. Martin-Kerr, I am informed and believe that Irma Bock is not an infant or incompetent person.

4. Based on my conversation with Mr. Bock, I am informed and believe that he is not in the military. In an abundance of caution, I used the website http://www.dmdc.osd.mil/scra/owa/scra.prc to confirm, and further requested a search by Judgment Day Information Services, Inc. Attached hereto as *Exhibit A* (A-1, A-2: dmdc.osd.mil website results; A-3, A-4: Judgment Day Information Services results) and *Exhibit B* (B-1, B-2: dmdc.osd.mil website results; B-3, B-4: Judgment Day Information Services results) and incorporated herein by this reference are true and correct copies of the results received on both Charles Bock and Irma Bock respectively.

5. In the event that the Court requires it, I am willing to provide copies of the firm's billing records. I have not attached them to this Declaration as they contain attorney work product. At the time that the settlement agreement was entered, defendants agreed to pay attorneys fees and costs. All fees and costs since then have been documented in the initial motion for default judgment and can be further documented (by copies of the billing records) at the Court's request.

6. The attorneys fees that were included in the Motion for Default Judgment were through May 30, 2007. Since that time, additional fees and costs have been incurred in the total amount of $**1,191.50** as follows:

I personally spent a total of 4.6 hours, billed at the rate of $175.00 per hour until July 1, 2007,

1  and $180.00 thereafter. The fees were incurred for preparation of this Supplemental Declaration in
2  Support of plaintiffs Motion for Default Judgment, including various military searches as well as
3  discussions with Mr. Bock regarding settlement and review of the Court's order regarding
4  supplemental submission of information.

5    Muriel Kaplan, a shareholder at the firm, spent a total of .3 hours, billed at the rate of $180.00
6  per hour.

7    Vanessa de Fabrega, a paralegal at the firm spent a total of 3.2 hours, first billed at the rate of
8  $100.00 per hour and then billed at $105.00 per hour.  Her time was primarily spent finalizing the
9  Motion for Default Judgment, serving the Motion, arranging for filing with the Court.  She also spent
10 time serving copies of the Court's subsequent Order on defendants.

11   7.    Vanessa de Fabrega, our paralegal, served a copy of the Court' order scheduling the
12 hearing on all defendants, with the proof of service having been filed with this Court on June 26,
13 2007.  I also advised Mr. Bock of the new hearing date when we spoke by telephone on June 26, 2007.

14   8.    All of the amounts claimed in the Motion for Default Judgment, with the exception of
15 the fees and costs incurred after the settlement agreement was breached, were agreed to by defendant
16 as part of the settlement.  Defendants also, per the settlement agreement, agreed to pay interest as well
17 as liquidated damages in the event that a default.

18

19   9.    At the time that the Motion for Default Judgment was filed, interest was calculated to
20 be $27,984.00 through May 31, 2007.  Interest calculated at the IRS underpayment rate (Internal
21 Revenue Code Section 6621), (IR-2007-54, March 12, 2007) is 8%, and therefore equals for the
22 subsequent period (from June 1, 2007 through the date of hearing, August 15, 2007) totals **$14,370.16.**
23 //
24 //
25 //
26 //
27
28

3
**SUPPLEMENTAL DECLARATION OF MICHELE R. STAFFORD**
**CASE NO.: C07-2500 JSW (BZ)**
P:\CLIENTS\SHOPW\COFAB\Pleadings\2007\Complaint re Settlement Agreement\C07-2500 JSW-BZ Supplemental Stafford Decl 072407.doc

10. Based on the foregoing and the terms of the settlement agreement, plaintiffs are requesting a Judgment as set forth below. All "new" amounts are highlighted in "bold" type for the Court's reference:

| | |
|---|---|
| Amount of liability: | $862,682.00 |
| Liquidated Damages: | $43,134.10 |
| Interest (through 5/31/07): | $27,984.00 |
| **Additional Interest (6/1/07 – 8/15/07):** | **$14,370.16** |
| Attorneys Fees (through 5/30/07) | $10,767.75 |
| **Additional Fees (5/31/07 – 7/24/07)** | **$1,191.50** |
| Costs: | $2,432.00 |
| **TOTAL:** | **$962,561.51** |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: July 24, 2007            By:            /S/
                                       Michele R. Stafford
                                       SALTZMAN & JOHNSON
                                       LAW CORPORATION
                                       Attorney for Plaintiffs

4
**SUPPLEMENTAL DECLARATION OF MICHELE R. STAFFORD**
**CASE NO.: C07-2500 JSW (BZ)**
P:\CLIENTS\SHOPW\COFAB\Pleadings\2007\Complaint re Settlement Agreement\C07-2500 JSW-BZ Supplemental Stafford Decl 072407.doc