UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHOP IRONWORKERS LOCAL 790 )
PENSION TRUST, et al.,      )
                            )   No.  CV 07-2500 JSW (BZ)
        Plaintiff(s),       )
                            )   **REPORT AND RECOMMENDATION ON**
    v.                      )   **PLAINTIFFS' MOTION FOR**
                            )   **DEFAULT JUDGMENT AND**
COFAB STEEL CORP., et al.,  )   **ATTORNEYS' FEES**
                            )
                            )
        Defendant(s).       )
_____)

On June 21, 2007, the Honorable Jeffrey White referred this case to me for a report and recommendation on plaintiffs' motion for entry of default judgment. Plaintiffs seek entry of default judgment against defendants Cofab Steel Corporation, Arcmatic Integrated Systems, Inc., Charles Bock, and Irma Bock. On August 15, 2007, I held a hearing at which the plaintiffs were present, but the defendants failed to appear.

On May 9, 2007, plaintiffs filed this suit to enforce the parties' December 19, 2006 agreement settling litigation filed by plaintiffs under ERISA to recover funds allegedly owed to

1

the Trust Fund ("Settlement Agreement").[1]  <u>Shop Ironworkers Local 790 Pension Trust et al. v. Cofab Steel Corporation et al</u>, Case No. C06-4067 MMC.  Service was effected on May 11, 2007, Docket No. 3, and defendants failed to answer plaintiff's complaint.  On May 25, 2007, upon plaintiffs' request, the Clerk of this Court entered defendants' default under Rule 55(a) of the Federal Rules of Civil Procedure.  Docket No. 6.  By their default, defendants are deemed to have admitted the well-pleaded averments of the complaint except those as to the amount of damages.  <u>See</u> Fed. R. Civ. P. 8(d).

Defendant failed to make any payments required by the Settlement Agreement.  <u>Id.</u> at ¶¶ 15, 16.  Plaintiffs now seek to recover the full employee benefit contribution of $862,682.00, liquidated damages at $43,134.10, interest for the period from January 2, 2007 through August 15, 2007 totaling $42,354.16, attorneys' fees in the amount of $11,959.25, and costs in the amount of $2,432.00.  Stafford Supp. Decl. ¶ 10.

Pursuant to Rule 55(b)(2), the court may enter a default judgment against a party against whom default has been entered.  The decision to grant or deny a default judgment under Rule 55(b) is within the discretion of the court.  <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

A court may not, however, enter a default judgment

---

[1] According to the complaint, defendants made a "complete withdrawal" from the Pension Trust, Compl. ¶ 9, and refused to make payments with respect to its withdrawal liability, <u>id.</u> at ¶ 11, thus prompting the initial litigation.  <u>Id.</u> at ¶ 12.

2

against an unrepresented minor, an incompetent person, or a person in military service.  See Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. § 521.  Plaintiffs' counsel has declared under penalty of perjury that she has personal knowledge that the individual defendants are not infants, incompetent persons, or persons in military service.  Stafford Supp. Decl. ¶¶ 3, 4.  She has also submitted a Military Status Report from the Department of Defense Manpower Data Center to satisfy the requirements under the Service Members' Civil Relief Act.  Id. ¶ 4, Exs. A, B.  This evidence is sufficient to conclude that neither of the individual defendants are infants, incompetent, or persons in military service.

Plaintiffs have the burden of proving damages through testimony or written affidavit.  Board of Trustees of the Boilermaker Vacation Trust v. Skelly, Inc., 389 F.Supp.2d 1222, 1225 (N.D. Cal. 2005).  To prove damages, plaintiffs have submitted declarations from Michelle Stafford and Kristen McCulloch, attorneys for plaintiffs.

Under the Settlement Agreement, default is deemed to have occurred if the defendants fail to make any payment when due and the failure is not cured within sixty days of receiving written notification from the Trust Fund.  McCulloch Decl. ¶ 1, Ex. A, 2.1(b)(2).  Defendants failed to make their first payment to the Trust Fund on January 2, and have not yet made any of the scheduled payments.  Compl. ¶¶ 13, 15.  Plaintiffs sent written notification to defendants on January 17, 2007, id. at ¶ 16, Ex. K, but defendants did not cure the default.  Compl. ¶ 16.  The Settlement Agreement specifically provides

3

that in the event of default, the withdrawal liability due to the Trust Fund shall be $862,682.59. I recommend that plaintiffs recover this amount.

Plaintiffs seek $43,134.10 in liquidated damages, calculated at 5% of delinquent contributions.[2] Stafford Decl. ¶ 5. The Settlement Agreement provides for liquidated damages in the event of a default, but does not specify at what percentage these damages will be calculated.[3] McCulloch Decl. ¶ 1, Ex. A, 2.1(b)(3). It does, however, incorporate the provisions of ERISA with respect to withdrawal liability.[4] Id. at 2.1(b). Since plaintiffs' requested 5% is below ERISA's 20% ceiling and apparently in keeping with the pension plan's terms, I recommend that plaintiffs recover $43,134.10 in liquidated damages from defendants.

Plaintiffs have requested interest on the unpaid contributions, calculated at the IRS underpayment rate of 8%

---

[2] In the complaint, plaintiffs request liquidated damages assessed at 20%, see Prayer for Relief C, but in subsequent declarations and calculations request only 5%. Plaintiffs explain that pension plan documents provide for recovery of liquidated damages on delinquent payments in the amount of 5%. Stafford Decl. ¶ 5.

[3] Section 1132(g)(2)(C)(ii) of ERISA provides that plaintiffs may recover "liquidated damages provided for under the plan in an amount not in excess of 20 percent." See 29 U.S.C. § 1132(g)(2)(C).

[4] In the Settlement Agreement, parties "agree that the provisions of ERISA with respect to withdrawal liability, specifically section 4219 shall apply with regard to the payments to be made in this matter." McCulloch Decl. ¶ 1, Ex. A, 2.1(b); see ERISA Section 4219, 29 U.S.C. § 1399. According to 29 U.S.C. § 1451(b), failure to make withdrawal liability payments shall be treated in the same way as delinquent contributions. 29 U.S.C. § 1451(b). 29 U.S.C. § 1145 governs delinquent contributions under ERISA, and damages in actions to enforce § 1145 are calculated under 29 U.S.C. § 1132(g).

per month.  I.R.C. § 6621; Rev. Rul. 2007-16.  This amounts to $42,354.16 in interest on the unpaid contributions through August 15, 2007.[5]  Stafford Decl. ¶ 4; Stafford Supp. Decl. ¶ 9.  The Settlement Agreement clearly states that plaintiffs will be entitled to interest if the defendants default.  McCulloch Decl. ¶ 1, Ex. A, 2.1(b)(3).  I recommend that plaintiffs recover $42,354.16 in interest from defendants.

Plaintiffs also seek $11,959.25 in attorneys' fees and $2,432.00 in costs.[6]  The request is based on attorney and paralegal hours incurred prior to May 31, 2007 and amounting to $10,767.75, Stafford Decl. ¶ 2, and $1,191.50 incurred on or after May 31.  Stafford Supp. Decl. ¶ 6.  Generally, the attorneys' activities consisted of correspondence, negotiations, legal research and analysis, and the preparation of motions and complaints.  Stafford Decl. ¶ 2; Stafford Supp. Decl. ¶ 6.  Paralegal hours were spent in preparation, service, and e-filing of the documents prepared by the attorneys.  Stafford Decl. ¶ 2.

At the hearing, plaintiffs admitted that some portion of the fees incurred prior to May 31, related to a failed attempt to enforce the agreement before Judge Chesney and to defendants' counsel's *ex parte* request to withdraw as counsel in that matter.  See Stafford Decl. ¶ 2; Shop Ironworkers

---

[5] Under § 1132(g)(2)(B), the Trust Fund may recover interest on unpaid contributions.  See 29 U.S.C. § 1132(g)(2)(B).

[6] Under ERISA, reasonable attorneys' fees and costs of the action may be awarded if the Trust Fund receives a judgment in its favor.  See 29 U.S.C. 1132(g)(2)(D).

5

1  <u>Local 790 Pension Trust et al.</u>, Case No. C06-4067 MMC, Docket
2  No.'s 30-39.  Judge Chesney specifically found that
3  plaintiffs' attempt to enforce the agreement was without
4  support in law or in the agreement itself.  <u>See</u> <u>id.</u>, Docket
5  No. 38.[7]  I recommend not recompensing plaintiffs for these
6  hours.  Because plaintiffs provide no breakdown as to the
7  amount of time spent on work performed in that litigation, I
8  recommend that their request as to attorneys' and paralegal
9  fees incurred prior to May 31 be denied.  <u>See</u> 29 U.S.C.
10 1132(g)(2)(D) (allowing for "*reasonable* attorney's fees and
11 costs of the *action*) (emphasis added); <u>see also</u> <u>Cortes v.</u>
12 <u>Metropolitan Life Ins. Co.</u>, 380 F. Supp. 2d 1125, 1132 (C.D.
13 Cal. 2005) (in ERISA action, stating that the party requesting
14 fees bears the burden of producing adequate documentation).
15 The $1,191.50 in fees incurred on or after May 31, however,
16 appear reasonable.  <u>See</u> Stafford Supp. Decl. ¶ 6.[8]  I
17 therefore recommend awarding this amount.
18      Plaintiffs also incurred $2,432.00 in costs, consisting
19 of the "title company fee," filing fees, and messenger fees.
20 Stafford Decl. ¶ 3.  The filing and messenger fees are self-

---

[7] Judge Chesney concluded in part that she lacked subject matter jurisdiction to entertain plaintiffs' motion to enforce the agreement.  <u>Shop Ironworkers Local 790 Pension Trust et al.</u>, Case No. C06-4067 MMC, Docket No. 38.  I conclude that the Court has subject matter jurisdiction over this separate action to enforce the terms of the Settlement Agreement, the resolution of which requires the application of federal ERISA law.  <u>See, e.g.</u>, <u>Board of Trustees of Hotel and Restaurant Employees Local 25 v. Madison Hotel, Inc.</u>, 97 F.3d 1479, 1483-84 (D.C. Cir. 1996).

[8] In this regard, the tasks detailed in the declaration appear necessary to the successful litigation of the case, and the rates charged appear reasonable.

6

explanatory and reasonable.  As to the title company fee, plaintiff explains that the fee was related to a deed of trust made a part of the settlement agreement.  Id. at ¶ 2; McCulloch Decl. ¶ 1, Ex. A, 2.1(d).  I find this fee also to be reasonable and compensable, and therefore recommend that the Court grant plaintiffs' request for $2,432.00 in costs.

For the foregoing reasons, I recommend that judgment be entered in plaintiffs' favor against defendants for a total award of $951,793.76.  This amount includes: $862,682.00 in unpaid liability, $42,354.16 in interest on unpaid contributions, $43,134.10 in liquidated damages, $1,191.50 in attorneys' fees, and $2,432.00 in costs.

Dated: August 16, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\Shop Ironworkers v. Cofab\DEF.JUDG.ORD3.wpd