RICHARD C. JOHNSON (SBN 40881)
MICHELE R. STAFFORD (SBN 172509)
SHAAMINI A. BABU (SBN 230704)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA  94104
(415) 882-7900
(415) 882-7900 – Facsimile
mstafford@sjlawcorp.com
sbabu@sjlawcorp.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOP IRONWORKERS LOCAL 790 PENSION TRUST; JOINT BOARD OF TRUSTEES of the SHOP IRONWORKERS LOCAL 790 PENSION TRUST; and MICHAEL NEWINGTON as Trustee,<br><br>Plaintiffs,<br><br>v.<br><br>COFAB STEEL CORPORATION, ARCMATIC INTEGRATED SYSTEMS, INC., CHARLES A. BOCK, AND IRMA BOCK<br><br>Defendants. | CASE NO.: C 07-2500 JSW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES**<br><br>Date:      August 8, 2008<br>Time:     9:00 a.m.<br>Location: Ctrm. 2, 17th Floor<br>Judge:    Honorable Jeffrey S. White |

### I.    STATEMENT OF RELIEF SOUGHT

Plaintiffs SHOP IRONWORKERS LOCAL 790 PENSION TRUST, et al. ("Plaintiffs") seek an order compelling Defendants COFAB STEEL CORPORATION, ARCMATIC INTERGRATED SYSTEMS, INC., CHARLES A. BOCK, and IRMA BOCK (collectively "Defendants") to respond to interrogatories and produce document(s) as requested and to pay Plaintiffs attorneys' fees and costs incurred in connection with collecting on the judgment entered in this action.

-1-
**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES
Case No.:** C 07-2500 JSW

P:\CLIENTS\SHOPW\COFAB\Pleadings\2008\Motion to Compel\C07-2500 JSW P&A Re Motion to Compel 071008.doc

## II. BACKGROUND

On November 9, 2007, a Judgment was entered against Defendants and in favor of Plaintiffs in the amount of $951,793.76. Plaintiffs are entitled to enforce the Judgment against Defendants. Each Defendant may have considerable assets all of which Plaintiffs are entitled to discover through written discovery in order to identify all assets of Defendants so that Plaintiffs may recover all sums owed.

As such, Plaintiffs propounded written discovery on defendants Arcmatic Integrated Systems, Inc. ("Arcmatic") and Irma Bock ("Irma") on April 14, 2008, and on defendants Cofab Steel Corporation ("Cofab") and Charles Bock ("Bock") on May 19, 2008. Declaration of Shaamini A. Babu in Support of Plaintiffs' Motion to Compel Discovery Responses ("Babu Declaration"), ¶¶3-4, Exh. A1-A2. Pursuant to C.C.P. §2030.240 and §2031.030, Arcmatic and Irma's responses to the discovery were due on May 19, 2008, and Cofab and Bock's responses were due on June 23, 2008. To date, responses have not been received from any of the Defendants. Babu Declaration, ¶6.

The total number of Special Interrogatories propound on each of the Defendants exceeded the number of special interrogatories permitted by C.C.P. §2030.030(a). Accordingly, Plaintiffs counsel served a declaration specifying that all such Special Interrogatories were warranted under F.R.C.P. Rule 69 and C.C.P. §708.020 and §2030.030(a). Babu Declaration, ¶ 5, Exh. B1. The additional Special Interrogatories are intended to assist Plaintiffs in determining the nature, quantity and location of all non-exempt assets owned by Defendants that are necessary to satisfy the Judgment thereby saving time, money and resources of the parties involved. None of the Special Interrogatories were propounded for any improper purposes, such as to harass the Defendants or to cause unnecessary delay or needless increase in the cost of litigation.

## III. ARGUMENT

**A. As Judgment Debtors, Defendants Are Obligated To Respond To Plaintiffs' Written Discovery**

F.R.C.P. Rule 69 provides that a judgment creditor may obtain discovery from the judgment debtor in aid of the judgment as provided in these rules or by the procedure of the state where the court is located. Pursuant to C.C.P. §§708.020 – 708.030, Plaintiffs who are now judgment creditors

-2-
**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES
Case No.:** C 07-2500 JSW

of Defendants, are entitled to demand that Defendants respond to special interrogatories and permit inspection and copying of all documents in the possession, custody, or control of the Defendants to aid in the enforcement of the Judgment. See also F.R.C.P. Rules 33 and 34. Defendants, as judgment debtors, were required to respond and comply with Plaintiffs' Special Interrogatories, Set One, and Requests for Documents, Set One, within 30 days (plus 5 days for service by mail) from service thereof as required by C.C.P. §2030.240 and §2031.030. All Defendants have failed to respond to Plaintiffs' written discovery. Babu Declaration, ¶6.

**B.     The Court Is Authorized to Compel Defendants to Respond to Plaintiffs' Written Discovery Without Objections**

Under F.R.C.P Rule 37(a), any party "on notice to other parties" may move for an order compelling discovery. F.R.C.P. Rule 37(3)(B) provides that a party seeking discovery may move for an order compelling an answer, designation, production, or inspection if:

(iii) a party fails to answer an interrogatory submitted under Rule 33; or

(iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34.

Due to Defendants failure to respond, the Court has the authority to prohibit the Defendants from supporting or opposing any defenses or claims. F.R.C.P. Rule 37(d)(1)(A)(ii) and Rule 37(d)(3).

In accordance with F.R.C.P. Rule 69, which permits Plaintiffs as judgment creditors to conduct discovery pursuant to state law, Plaintiffs are entitled to move for an order compelling Defendants to respond to written discovery pursuant to C.C.P. §2030.290(b) and §2031.300(b). See also C.C.P. §708.020(c) and §708.030(c).

Under C.C.P. §2030.290(a) and §2031.030(a), all objections to Plaintiffs' Special Interrogatories, Set One, and Requests for Documents, Set One, including objections based on attorney-client privilege and attorney work product have been waived.

Thus, the Court must compel Defendants to respond to Plaintiffs' written discovery without objections.

-3-
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES**
Case No.: C 07-2500 JSW

P:\CLIENTS\SHOPW\COFAB\Pleadings\2008\Motion to Compel\C07-2500 JSW P&A Re Motion to Compel 071008.doc

**C.  The Court Should Sanction the Defendants and Award Attorneys' Fees to Plaintiffs Due to Defendants Failure to Respond to Discovery**

There is no doubt that Plaintiffs are entitled to recover their fees and costs under multiple statutes. Both ERISA and the Federal Rules of Civil Procedure authorize the award of attorneys' fees and costs. In this particular instance, due to Defendants' complete disregard of the law (defendants ignored all discovery requests) and their obligations under the settlement agreement and the Judgment (no payments have been made), this award is especially justified.

Pursuant to ERISA §4301(b) and (e), Plaintiffs are entitled to collect all attorneys' fees and costs incurred in an action to collect unpaid withdrawal liability payments. The Judgment in the instant action awards withdrawal liability amounts, liquidated damages, attorneys' fees, costs and interest to Plaintiffs. Further, the settlement agreement entered into by the parties which was the subject of the Judgment specifically provided that in the event Defendants defaulted on the settlement payments, Plaintiffs would be entitled to recover resulting attorneys' fees and costs. Babu Declaration, ¶7.

Under F.R.C.P. Rule 37(d)(1)(A)(ii), failure to respond to interrogatories or inspection demands subjects the disobedient party to sanctions. Further, C.C.P. §2023.010(d) provides that the failure to respond to an authorized method of discovery is a misuse of the discovery process. Thus, the Court may impose monetary sanctions ordering the non-responding party to pay the reasonable expenses, including attorneys' fees, incurred by anyone as a result of the conduct. F.R.C.P. Rule 37(d)(3) and C.C.P. §2023.030(a).

Finally, the prevailing party on a motion to compel is entitled to recover his or her expenses, including reasonable attorneys' fees, unless the losing party was substantially justified in making or opposing the Motion. FRCP 37(a)(5)(A); C.C.P. §2030.290(c) and C.C.P. §2030.300(c); and H.K. Porter Co., Inc. v. Goodyear Tire and Rubber Co. (6th Cir. 1976) 536 F2d 1115, 1127.

Since Defendants failed to make any (installment settlement) payments, failed to satisfy the Judgment and failed to respond to Plaintiffs' written discovery as required by ERISA, Federal Rules of Civil Procedure and California Rules of Civil Procedure, Plaintiffs are entitled to recover all

-4-
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES**
**Case No.:** C 07-2500 JSW

P:\CLIENTS\SHOPW\COFAB\Pleadings\2008\Motion to Compel\C07-2500 JSW P&A Re Motion to Compel 071008.doc

resulting attorneys' fees in the sum of $11,629.00 and costs in the sum of $3,569.27 through July 7, 2008.  Babu Declaration, ¶¶9-17.

### III.    CONCLUSION

Based on the foregoing, Plaintiffs respectfully request the Court to grant the instant motion and award attorneys' fees and costs to Plaintiffs.

Date:  July 10, 2008

SALTZMAN & JOHNSON
LAW CORPORATION

By:     _____/s/_____
Shaamini A. Babu
Attorneys for Plaintiffs

-5-
**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES**
**Case No.:** C 07-2500 JSW

P:\CLIENTS\SHOPW\COFAB\Pleadings\2008\Motion to Compel\C07-2500 JSW P&A Re Motion to Compel 071008.doc