☐ **ORIGINAL**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHOP IRONWORKERS LOCAL 790 )
PENSION PLAN, et al., )
                             )        No.   C07-2500 JSW (BZ)
          Plaintiffs,        )
                             )        **ORDER PARTLY GRANTING**
     v.                      )        **PLAINTIFFS' OPPOSITION TO A**
                             )        **CLAIM OF EXEMPTION**
COFAB STEEL CORPORATION, et  )
al.,                         )
                             )
          Defendants.        )
_____)

Plaintiffs' Motion for an Order to Determine Claim of

Exemption is **GRANTED** as follows:

Plaintiffs claim that a Writ of Execution, Notice of

Levy, and Memorandum of Garnishee were served on Wells Fargo

Bank on August 12, 2008 to reach funds in any bank accounts of

Charles A. Bock and Irma Bock in order to satisfy a portion of

the $951,793.76 judgment entered in this action.  On September

22, 2008, plaintiffs received the returned Memorandum of

Garnishee from Wells Fargo Bank, which informed plaintiffs

that the account was subject to an automatic exemption because

the funds in the account were payments authorized by the

1

1   Social Security Administration, and that the funds in excess

2   of the automatic exemption were being held.[1]

3       A "deposit account" into which social security benefits

4   are directly deposited by the government or its agent is

5   exempt in the amount of $4,050 (if payable to two or more

6   depositors who are the designated payees) without filing a

7   claim of exemption. Cal. Code Civ. Proc. §704.080(b)(4).  Any

8   amounts in an account in excess of $4,050 must be placed by

9   the financial institution in a suspense account (or otherwise

10  be prohibited from withdrawal), and a judgment creditor may

11  then file a notice of opposition alleging that the excess

12  funds are not exempt, as was done by plaintiffs in the case at

13  bar.  Cal. Code Civ. Proc. §704.080(d).

14      At the hearing on plaintiffs' motion, plaintiffs

15  acknowledged that social security payments are directly

16  deposited into the levied account.  Consequently, § 704.080 of

17  the California Code of Civil Procedure applies to this

18  action[2], and the "deposit account" into which social security

19

20  [1]    Wells Fargo Bank admitted during the hearing that the
    original amount it claimed to be holding in excess of the
    applicable automatic exemption, totaling $1,522.60, was a
21  clerical error, and did not accurately reflect the amounts in
    the bank account at the time of the levy.

22

23  [2]    Plaintiffs submitted a supplemental letter brief
    arguing that federal law (42 U.S.C. § 407) only exempts social
    security payments from levy and citing Granger v. Harris, 207
24  WL 1213416 (E.D.N.Y. 2007) for the proposition that any funds
    not exempt under federal law are subject to levy. Granger was
25  decided under New York law which does not appear to have an
    exemption for deposit accounts such as California has, but only
26  for specified assets. Granger relies on a number of cases from
    other states which have required a tracing process to determine
27  whether funds in a deposit account were exempt under federal
    law.  However, the exemption at issue is not created by federal
28  law but by California law and presumably California has chosen

2

1   payments are being directly deposited by the government is

2   automatically exempt from execution of a money judgment in the

3   amount of $4,050.00.

4        In the financial records submitted by the parties, the

5   balance of the levied account on August 12, 2008, the date on

6   which the levy was executed, was $4,692.38.  Subtracting the

7   applicable automatic exemption from the balance of the account

8   on the day the Notice of Levy was served on Wells Fargo Bank

9   leaves an excess balance of $642.38.[3]  Because no evidence was

10  offered by either Charles Bock or Irma Bock to support a claim

11  for exemption on these excess funds, **IT IS ORDERED** that

12  plaintiff is entitled to the remaining $642.38.

13  Dated: October 29, 2008

14                          Bernard Zimmerman

15                          United States Magistrate Judge

16

17  G:\BZALL\-REFS\SHOP IRONWORKERS LOCAL 790 V. COFAB\FINAL RULING ON CLAIM OF
    EXEMPTION.wpd

18

19

20

21

22

23

24

25

26  to exempt all funds up to $4,050.00 in a deposit account which
    contains social security benefits, to avoid the burden and
    expense of a tracing process which the other states require.
27

28       [3]  At the hearing, Wells Fargo Bank agreed to waive its
    usual $100 processing fee, which would have reduced the non-
    exempt sum to $542.38, had it been applied.

3