United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHOP IRONWORKERS LOCAL 790
PENSION TRUST, et al.,

    Plaintiffs,

v.

COFAB STEEL CORPORATION, et al.,

    Defendants.

                                         /

No. CV 07-2500 JSW

**ORDER REGARDING THE MOTION TO DISMISS**

Now before the Court is the motion to dismiss filed by Arcmatic Welding Systems, Incorporated and William Bong (collectively "Movants"). Having considered the parties' papers, the relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument and hereby VACATES the hearing set for May 8, 2009. *See* N.D. Civ. L.R. 7-1(b). The Court hereby DENIES IN PART Movants' motion to dismiss and RESERVES RULING on the remainder.[1]

**BACKGROUND**

Plaintiff Shop Ironworkers Local 790 Pension Trust ("Pension Trust") is an employee benefit plan, an employee pension plan, and a multiemployer plan as defined by the Employee Retirement Income Security Act ("ERISA"). *See* 29 U.S.C. §§ 1002(3), 1301(a)(3), 1002(a).

---

[1] The Court denies Plaintiffs request for judicial notice because the Court did not need to consider the request in order to resolve the motion to dismiss.

1  Plaintiff Joint Board of Trustees of the Pension Trust is the Pension Trust's fiduciary as defined
2  by ERISA. *See* 29 U.S.C. § 1002(a). Plaintiff Michael Newington is the chairman of the Joint
3  Board of Trustees and a fiduciary of the Pension Trust. Defendants Charles A. Bock and Irma
4  Bock are the founders and sole shareholders of Defendant corporations COFAB Steel
5  Corporation and Arcmatic Integrated Systems, Incorporated (collectively "Defendants").

Plaintiffs initially filed a suit in this Court after Defendants made a "complete withdrawal" from the Pension trust and failed to make payments with respect to their withdrawal liability. (Compl. ¶ 9-11.) On December 19, 2006, the parties settled initial suit, *Shop Ironworkers Local 790 Pension Trust, et al. v. COFAB Steel Corporation, et al.*, No. C 06-4067. When Defendants failed to make payments under the settlement agreement, Plaintiffs filed the instant action to enforce the agreement on May 9, 2007. The Court entered a default judgment against Defendants. In the judgment, Defendants were ordered to pay damages pursuant to the default provisions of the parties' settlement agreement. Presently, Defendants have not made any payments.

Plaintiffs contend that Defendants and William Bong created Arcmatic Welding Systems, Incorporated "in an effort to avoid liability [for withdrawal] and thwart Plaintiffs['] collection efforts . . . ." (Opp. Br. at 1.) Plaintiffs moved to amend the default judgment to include Movants. In response, Movants filed this motion to dismiss for a lack subject matter jurisdiction and for insufficient service of process. The Court will address additional facts as necessary in the analysis.

**ANALYSIS**

**A.  The Court Has Subject Matter Jurisdiction in this Action.**

Movants contend that the Court does not have subject matter jurisdiction in this case. Movants argue that Plaintiffs are not asking the Court to construe the terms of an ERISA plan, but rather are seeking to enforce a settlement agreement. However, the Court has already addressed the issue of subject matter jurisdiction in its Order dated November 14, 2007, in which the Court adopted Magistrate Judge Zimmerman's recommendation for default judgment. Magistrate Judge Zimmerman found that the Court had subject matter jurisdiction because

2

enforcing the Settlement Agreement "require[d] the application of federal ERISA law." (Docket No. 22.) For the reasons discussed herein, the Court reaffirms the finding of subject matter jurisdiction.

When a defendant moves to dismiss a complaint or claim for lack of subject matter jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim. *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Where an attack on jurisdiction is a "facial" attack on the allegations of the complaint, the factual allegations of the complaint are taken as true and the non-moving party is entitled to have those facts construed in the light most favorable to him or her. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases which involve diversity of citizenship, those cases which involve a federal question, or those cases which involve the United States as a party. *See e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Congress provided for exclusive jurisdiction over ERISA-based claims in federal district court and for preemption of state law by ERISA. 29 U.S.C. §§ 1132(e)(1), 1144(a). Accordingly, if a state-law based complaint "relates to" an employee benefit plan as defined by ERISA, then the state law is preempted and the complaint "'arise[s] under the . . . laws . . . of the United States[,]'" as necessary for original jurisdiction in federal district court. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987) (quoting 28 U.S.C. § 1331). The Supreme Court has given the phrase "'relate to' . . . its broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such plan.'" *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48 (1987) (citations omitted). Consistent with the broad reading of ERISA preemption, district courts also have original jurisdiction "where the enforcement of [a] settlement agreement itself will require adjudication of substantive federal law issues over which federal courts have exclusive jurisdiction under the ERISA statute." *Bd. of Trustees of the Hotel and Rest. Employees Local*

1  *25 and Employers' Health and Welfare Fund v. Madison Hotel, Inc.*, 97 F.3d 1479, 1484 (D.C.
2  Cir. 1996) ("*Madison Hotel*") (footnote omitted).

3  Plaintiffs allege, and Movants do not dispute, that the terms of the settlement agreement
4  obligated Defendants to make payments for withdrawal liability pursuant to the applicable
5  provision of ERISA, specifically 29 U.S.C. § 1399. (Compl., ¶ 14.) Plaintiffs further allege
6  that the provisions of ERISA govern in the event of a default. (*Id.*, ¶ 16.) Further, according to
7  the Complaint, the settlement agreement awarded attorney's fees and costs pursuant to ERISA.
8  (*Id.*, ¶ D.) Accordingly, any dispute regarding the enforcement of the settlement agreement will
9  require the Court to interpret various provisions of ERISA, and thus, this action to enforce the
10 settlement agreement "relates to" ERISA. The interpretation of ERISA is the exclusive
11 province of federal courts and, therefore, the Court has original jurisdiction in this action. *See*
12 *Madison Hotel*, 97 F.3d at 1485-86 (finding jurisdiction over a settlement agreement, even
13 though it did not specifically mention ERISA, because the portion of the agreement in which
14 the parties retained all other rights "to which they may be entitled" in the event of a breach
15 "clearly referred to . . . their rights to remedies enumerated and defined in the ERISA law . . .
16 ."). The Court denies Movants' motion to dismiss as to subject matter jurisdiction.

17 **B.     Plaintiffs Did Not Properly Serve Movants.**

18      Movants argue that they were not properly served, and that, accordingly, the Court
19 should grant their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5).
20 Federal courts cannot exercise personal jurisdiction over a defendant without proper service of
21 process. *Omni Capital Int'l, Ltd. V. Wolff & Co.*, 484 U.S. 97, 104 (1987). For the execution of
22 money judgments and any procedure in aid thereof, the Court looks to California law for the
23 requirements for service of process. Fed. R. Civ. P. 69(a). California law requires that a copy
24 of the summons and of the complaint be served to the opposing party or to a person authorized
25 by the opposing party to receive service of process. Cal. Civ. Proc. Code § 416.90. Although
26 the California Supreme Court has held that "process law should be liberally construed," service
27 must at least meet the statutory prescriptions. *Summers v. McClanahan*, 140 Cal. App. 4th 403,
28 415 (2006). Even if the party has actual notice of the suit, statutory defects in the manner of

4

service cannot be overlooked. *See id.* "The burden is on the plaintiff to prove the existence of jurisdiction by proving, inter alia, the facts requisite to an effective service." *Dill v. Berquist Constr. Co.*, 24 Cal. App. 4th 1426, 1439-40 (1994).

Plaintiffs contend that they effectuated sufficient service of process by serving Movants' former attorney, Matthew Angell, with the motion to amend and declarations in support thereof. (Declaration of Michele R. Stafford ("Stafford Decl."), ¶ 6; Ex. D.) Movants make two arguments in response: (1) that Angell did not consent to service on behalf of Movants; and (2) that Plaintiffs only served the motion to amend, and not the summons and complaint as is statutorily required. The Court finds that Plaintiffs did not properly serve the summons and complaint, and therefore does not reach the merits of Movants' first argument.

Movants have not been served with either the summons or complaint in this action. (Declaration of William Bong ("Bong Decl."), ¶¶ 2-3.) In response, Plaintiffs state only that they served Angell with a copy of the motion to amend and declarations in support thereof. (Stafford Decl., ¶ 6; Ex. C.) By serving only the motion to amend, and not the complaint and summons, Plaintiffs failed to effectively serve Movants under California law. *See* Cal. Civ. Proc. Code § 416.90. Plaintiffs argue that, irrespective of the statutory prerequisites, Movants have had "*years* of opportunity to defend themselves and be heard" since their actual notice of the suit on November 7, 2008. (Opp. Br. at 5-6 (emphasis in original).) However, actual notice is not a substitute for the statutory requirements for service of process. *See Summers*, 44 Cal. Rptr. 3d at 415.

Plaintiffs also argue that service was proper under Federal Rule of Civil Procedure 25, which provides for the substitution of parties when, for example, an interest is transferred. Fed. R. Civ. P. 25(c). Plaintiffs allege that Defendants transferred their interest in their corporations to Movants to avoid payment under the settlement agreement. (Opp. Br. at 1.) Rule 25 provides that service of process must accord with Federal Rule of Civil Procedure 4 when an interest is transferred and the plaintiff continues to proceed against the non-party transferee. Fed. R. Civ. P. 25(a)(3). Rule 4, in turn, provides that the non-party must be served with a copy

of the complaint and summons. Fed. R. Civ. P. 4(c)(1). By serving only the motion to amend, and not the complaint and summons, Plaintiffs failed to effectively serve Movants under Rule 4.

When service of process is insufficient, the district court has the discretion to dismiss the action or to quash the service. *S.J. v. Issaquah School Dist. No. 411*, 470 F.3d 1288, 1294 (9th Cir. 2006). Service will ordinarily be quashed and the action preserved where "there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly . . . ." 5 C. Wright & Miller, *Federal Practice and Procedure* § 1354, at 585 (1969). However, in this action, if the Court quashed service without granting an extension for time to serve, it would effectively dismiss the action. Federal Rule of Civil Procedure 4 provides that service must be effected within 120 days. Almost two years have elapsed since the complaint in this action was filed. However, "Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after* that 120-day period." *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) (emphasis in original). A district court has full discretion to extend the time for service of process upon a showing of good cause. Fed. R. Civ. P. 4(m); *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001). "At minimum, 'good cause' means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). Therefore, the Court HEREBY ORDERS Plaintiffs TO SHOW CAUSE why this case should not be dismissed as to Movants for failure to serve Movants within the time period provided by Rule 4(m). Plaintiffs shall file a written response no longer than five pages by May 8, 2009. The Court will RESERVE RULING on whether to dismiss or quash service pending Plaintiffs' response to the Order to Show Cause.

///
///
///
///
///

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Movants' motion to dismiss for lack of subject matter jurisdiction and RESERVES RULING on whether to dismiss or quash based on Plaintiffs' insufficiency of process.

**IT IS SO ORDERED.**

Dated: April 30, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE